IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NIGEL B. HAMILTON, AIS 155120 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CIVIL ACT. NO.  2:05cv74-WKW |
| ) | (WO) |
| EDDIE NAGLE, *et al* , ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On April 24, 2003, while working on a prison work squad picking up trash along an Interstate highway, the plaintiff was struck by a car and injured. In this action seeking relief pursuant to 42 U.S.C. § 1983, the plaintiff contends that the defendants, all correctional officials or employees of the Alabama Department of Corrections, violated his constitutional rights by failing to "implement and execute a safety program to ensure the plaintiff was in a safe work environment." The plaintiff further contends that defendant Nagle was deliberately indifferent to his severe medical conditions.

In response to the orders of the court, the defendants filed a special report and answer. The court then informed the plaintiff that the defendants' special report might, at any time, be treated as a motion for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment. The plaintiff has filed his response, and this case is now before the court for consideration of the defendants' motion for summary judgment which the court concludes is due to be granted.

Hamilton argues that his injuries were the proximate consequence of placing a highway warning sign too far from the location where he worked. "Plaintiff contends that had the sign been closer and the traffic was facing him instead of at his back, that he could have possibly seen the out of control car before it got to him and possible avoided by hit." (Doc. # 21 at 2). The plaintiff is not entitled to relief on this claim which is quintessentially a claim of negligence. In *Daniels v. Williams*, 474 U.S. 327 (1986), the Court held that the due process clause is not implicated by a *negligent* act of an official causing unintended loss of life, liberty or property. *See also Davidson v. Cannon*, 474 U.S. 344 (1986); *Freeman v. Elgin Sweeper Company*, 885 F.2d 825 (11th Cir. 1989). (In a case involving a traffic accident with no facts to indicate any intentional deprivation by a governmental operator of a vehicle, there is no claim under 42 U.S.C. § 1983). Hamilton has presented no facts showing that any official acted with intent to deprive him of federally protected right; consequently, the defendants' motion for summary judgment on this claim is due to be granted.

Hamilton also claims that defendant Nagle was deliberately indifferent to his serious medical needs because he ordered that an ambulance wait to transport Hamilton to a hospital until Nagle arrived on the scene. Hamilton further claims that Nagle was deliberately indifferent because "the perscription (sic) that the Doctor at the hospital perscribed (sic) was never given to him. Then Dr. John Doe at Staton told him [Hamilton] that he was fine and he was sent back to the work detail while in severe pain." (Doc. # 21 at 3).

The court will first address the last two of Hamilton's three allegations against Nagle. "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to

2

a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527 (1981). To prevail against defendants in their individual capacities, the plaintiff must show that they were personally involved in acts or omissions that resulted in the constitutional deprivation. *Hale v. Tallapoosa County,* 50 F.3d 1579 (11th Cir. 1995). With respect to prescription medication and sending Hamilton back to the work detail, Hamilton's contention are wholly conclusory and unsupported by any facts. For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. Of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citations omitted). For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion. *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989). A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Beyond his own insufficient conclusory claims, Hamilton has come forward with no evidence showing that Nagle had anything to do with him not receiving medicine or going back to the work detail. Nagle is entitled to summary judgment on these claims.

This leaves Hamilton's claim that Nagle delayed the ambulance until he arrived on the scene. By Hamilton's own admissions, the accident happened at approximately 11:05 a.m, and the plaintiff was transported from the scene at 11:35 a.m. To prevail in a suit based on an

3

Eighth Amendment claim about medical attention a prisoner must show at a minimum that prison or medical officials have acted with deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985). Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). Under this standard, a prison or medical official does not act with indifference by providing medical care that is different from that which a prison inmate desires. *See Hamm v. De Kalb County*, 774 F.2d 1567 (11th Cir. 1985).

A claim about a failure to provide immediate or emergency medical attention must involve medical needs that are obvious even to a layperson because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176 (11th Cir. 1994). In contrast, delay or even denial of medical treatment for superficial, non-serious physical conditions does not constitute an Eighth Amendment violation. *Id.*

The "seriousness" of an inmate's medical needs also may be decided by

>  reference to the effect of delay in treatment. . . Where the delay results in an inmate's suffering "a life-long handicap or permanent loss, the medical need is considered serious." . . . An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Further, we have held that "the tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay." *Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994) (emphasis added). Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay.

*Hill*, 40 F.3d at 1188-89.

Taken in the light most favorable to the plaintiff, the facts show that there was some delay in transporting the plaintiff to the hospital. However, the plaintiff has failed to come forward with any evidence showing that this delay caused him unnecessary pain or made his condition worse. Even though the plaintiff is proceeding *pro se*, he is not relieved of his essential duties in responding to a motion for summary judgment. *See Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990) (A pro se litigant's allegation of contaminated drinking water found unsubstantiated and completely speculative because the litigant failed to submit a doctor's diagnosis for any medical examination evidence supporting those allegations). Nagle is entitled to summary judgment on this claim.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion for summary judgment be granted and that this case be dismissed with prejudice. It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the plaintiff. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 28, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of December, 2006.

                                  /s/Charles S. Coody
                                  CHARLES S. COODY
                                  CHIEF UNITED STATES MAGISTRATE JUDGE